

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00297-CV

_____

AVID SQUARE CONSTRUCTION, LLC AND LCL STILLWATER
DEVELOPMENT, LLC, Appellants

V.

VALCON CONSULTING, LLC AND CHAD COURTY, Appellees

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 21-2368-393

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

In this accelerated interlocutory appeal, Appellants LCL Stillwater Development, LLC and Avid Square Construction, LLC challenge the trial court's denial of their motion to dismiss pursuant to the Texas Citizens Participation Act[1] (TCPA), in which they sought to dismiss the defamation and business disparagement claims filed against them by Appellees Valcon Consulting, LLC and Chad Courty. Because we hold that Appellants are entitled to dismissal of these two claims under the TCPA, we reverse the trial court's judgment and render an order dismissing the defamation and business disparagement claims. We remand to the trial court for a determination of attorney's fees and costs as to the dismissed claims.

## I. Background

In 2016, LCL Stillwater began a construction project for student housing in Oklahoma. LCL Stillwater hired Valcon and Courty as construction consultants (the Consultants) on the project. The original contractor was later terminated, and Avid Square Construction was formed to complete all remaining work on the project. In 2020, Valcon filed a lien on the project based on LCL Stillwater's alleged failure to pay Valcon and eventually sued LCL Stillwater in Oklahoma for breach of contract based on that allegation.

In 2021, Appellants brought the underlying lawsuit against the Consultants in Denton County for breach of contract and breach of fiduciary duty alleging that the

---

[1]Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011.

2

Consultants had (1) performed and/or supervised defective construction work and/or inferior construction services on the project; (2) missed at least one critical delivery date for the project because Courty was vacationing in Spain; and (3) ceased performing work before completion of the project.

The Consultants then filed counterclaims against Appellants for breach of contract,[2] defamation, and business disparagement. As to the defamation and business disparagement claims, the Consultants alleged that Appellants had made statements "to one or more other persons" about the Consultants' professional competence and performance on the project. The Consultants' pleading described the complained-of statements as follows:

> [Appellants] filed this lawsuit against [the Consultants] alleging, among other things that Mr. Courty breached fiduciary duties that were owed to [Appellants]. These claims against the [Consultants] are false and baseless. Specifically, [Appellants] allege that the [Consultants] "walked away" from the construction project that is the subject matter of this lawsuit and left it with numerous construction defects. [Appellants] also allege that Mr. Courty was "vacationing in Spain" and caused the project to miss critical delivery dates.

Appellants moved to dismiss the Consultants' defamation and business disparagement claims on the basis that such claims were based on and brought in response to Appellants' right to petition pursuant to the TCPA. *See id.* § 27.003(a) (motion to dismiss). Appellants argued that on the face of the Consultants' pleadings,

---

[2]The Consultants refiled their breach of contract claim that had originally been brought in Oklahoma based on nearly identical facts. Appellants and the Consultants agreed to abate proceedings in Oklahoma and to realign the parties in this lawsuit.

3

the factual basis for the claims complained solely of the allegations made by Appellants in this lawsuit. In response, the Consultants argued that their claims were not based on Appellants' exercise of the right to petition but, rather, that the defamatory and disparaging statements made by Appellants had been "communicated outside of this lawsuit."[3] In his affidavit, Courty asserted,

> [b]y way of example only, oral statements . . . were made to construction industry professional Oasis Plumbing, including, but not limited to, [the Consultants were] the reason the [p]roject failed, [the Consultants] abandoned the [p]roject while vacationing, and [the Consultants were] to blame for water intrusion, structural failures[,] and plumbing difficulties.

According to the Consultants, because their claims were based on Appellants' statements to a third party and not those statements as alleged in Appellants' original petition, the TCPA did not apply to Appellants' claims.

The trial court heard Appellants' TCPA motion and denied it. This interlocutory appeal followed. *See id.* § 51.014(a)(12) (permitting interlocutory appeal of an order denying a motion to dismiss filed under the TCPA).

## II. The TCPA

The TCPA is commonly known as the Texas Anti-SLAPP statute, referring to Strategic Lawsuits Against Public Participation. *Bookout v. Shelley*, No. 02-22-00055-CV, 2022 WL 17173526, at \*10 (Tex. App.—Fort Worth Nov. 23, 2022, no pet.) (mem. op.). Its purpose is "to encourage and safeguard the constitutional rights of

---

[3]In support of their argument that the claims were not based on Appellants' allegations in this lawsuit, the Consultants attached two exhibits to their response: (1) the affidavit of Courty and (2) Appellants' original petition.

persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. To effectuate this purpose, the TCPA provides "an expedited procedure for the early dismissal of groundless legal actions that impinge on First Amendment rights." *Greer v. Abraham*, 489 S.W.3d 440, 442 (Tex. 2016).

This court has previously described the three-part burden-shifting analysis that must be undertaken once a motion to dismiss is filed pursuant to the TCPA:

> The three steps are as follows: (1) the party invoking the TCPA must demonstrate that a "legal action" has been brought against it that is "based on or is in response to" an exercise of the rights of free speech, petition, or association protected by the Act; (2) if the moving party successfully invokes the Act, "[t]he court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question[";] and (3) if the nonmoving party carries its burden, the case may still be dismissed "if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." [Tex. Civ. Prac. & Rem. Code Ann.] § 27.005(b)–(d).

*Miller v. Watkins*, No. 02-20-00165-CV, 2021 WL 924843, at *7 (Tex. App.—Fort Worth Mar. 11, 2021, no pet.) (mem. op.); *see Bookout*, 2022 WL 17173526, at *10.

### III. Discussion

Appellants argue that the trial court erred in denying their TCPA motion because (1) the Consultants' defamation and business disparagement claims are based on or in response to Appellants' allegations in this lawsuit—that is, their right to petition; (2) the

5

Consultants failed to provide clear and specific evidence of each element of the challenged claims; and (3) the Consultants' claims are barred by judicial privilege.

In response, the Consultants argue (1) that Appellants failed to show that the TCPA applied to the Consultants' claims; (2) that the Consultants showed by clear and specific evidence a prima facie case for each essential element of the challenged claims; and (3) that Appellants failed to show the defense of judicial privilege applied to the statements related to the challenged claims in the lawsuit.

## A. Standard of Review

We review de novo a trial court's denial of a motion to dismiss filed under the TCPA. *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *Bookout*, 2022 WL 17173526, at *10; *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 571 (Tex. App.—Fort Worth 2019, pet. denied). In our review, we must consider the pleadings, any evidence that a court could consider on summary judgment, and any submitted affidavits stating the facts on which liability or a defense is based. Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). The nonmovant's pleadings are "the best and all-sufficient" evidence of the nature of its claims against the party seeking dismissal under the TCPA. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017); *Jackson v. Kell Auto Sales, Inc.*, No. 02-21-00106-CV, 2021 WL 5367846, at *2 (Tex. App.—Fort Worth Nov. 18, 2021, no pet.) (mem. op.).

## B. The TCPA's Applicability

We must first determine whether Appellants—as the parties invoking the TCPA—met their burden to show that the Consultants' legal action is "based on or is in response to" Appellants' exercise of the right to petition. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), 27.005(b); *Miller*, 2021 WL 924843, at *7. We conclude that Appellants met their burden.

### 1. Exercise of the Right to Petition

"Courts must adhere to legislative definitions of terms when they are supplied." *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018) (citing Tex. Gov't Code Ann. § 311.011(b)). Under the TCPA, the "exercise of the right to petition" is defined as "a communication in or pertaining to . . . a judicial proceeding." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(A)(i). This includes, among other things, "a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body" and "a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body." *Id.* § 27.001(4)(B), (C). The TCPA's definition of "communication" is broad and involves "the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1).

Here, the filings by Appellants in this lawsuit were clearly an exercise of the right to petition as defined by the TCPA. *See id.* § 27.001(4)(A); *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019) (agreeing with

7

appellate court and concluding commencement of litigation and party's filings in lawsuit were exercise of right to petition); *Youngkin*, 546 S.W.3d at 680 ("Substituting the statutory definitions for the defined terms, we see that the TCPA applies to a . . . party's making or submitting of a statement or document in or pertaining to a judicial proceeding."); *Sunchon Yu v. Sun Joo Koo*, 633 S.W.3d 712, 725 (Tex. App.—El Paso 2021, no pet.) ("[D]ocuments filed within civil litigation are considered communications made in a judicial proceeding."); *see also Adams*, 547 S.W.3d at 894 ("The TCPA casts a wide net.").

### 2. "Based on, Relates to, or is in Response to"

The Consultants contend the statements upon which their claims are based are not protected by the right to petition because Appellants *repeated* the statements to third parties in the construction industry—namely, Oasis Plumbing—outside of the lawsuit, and such statements do not become protected by virtue of being repeated in or made part of a claim in a lawsuit.[4] Appellants argue that the Consultants failed to adequately and fairly plead a cause of action based on alleged statements to a plumber, and even if they had, the TCPA would still apply.

### a. The Consultants' Pleading

The Consultants' pleading is "the best and all-sufficient" evidence of the nature of their claims against Appellants. *Hersh*, 526 S.W.3d at 467. The facts section of the

---

[4]The Consultants cite no authority supporting this argument.

Consultants' pleading included a recitation of Appellants' allegations against them in this lawsuit and asserted the following:

- None of the allegations of wrongdoing against the [Consultants] are true. All of the allegations concern the economic interests of [the Consultants], including their interests in past, current, and future business dealings on construction projects.

- Upon information and belief, *at the time they filed suit*, [Appellants] knew the allegations of wrongdoing against the [Consultants] were false, acted with reckless disregard for whether they were false, acted with ill will towards the [Consultants], and/or intended to interfere with the economic interests of [the Consultants].

[Emphasis added.] The Consultants further alleged that Appellants "published the false statements of fact described above orally and/or in writing to one or more other persons." However, they did not describe when or where the statements were published, nor did they disclose the identity of "one or more other persons."

The Consultants' pleading implicitly demonstrates that the "false statements of fact described above" are precisely those made by Appellants when they "filed this lawsuit against [the Consultants]." Certainly, the "false statements of fact described" in the pleading consist of Appellants' specific allegations of wrongdoing against the Consultants—an almost verbatim recitation of Appellants' petition. And while the pleading does not explicitly state when or where the complained-of statements were published, it does pinpoint Appellants' knowledge, acts, and intent "at the time they filed suit." In other words, the Consultants' pleading complains of the allegations

9

made by Appellants in this lawsuit, which were effectively "published . . . to one or more other persons" by way of Appellants' petition "at the time they filed suit."

### b. The Consultants' Response to Appellants' TCPA Motion

To circumvent the application of the TCPA, the Consultants responded to Appellants' TCPA motion alleging—for the first time—that the "false statements of fact described" in Appellants' pleading had been "communicated outside of this lawsuit." In support of their response, the Consultants attached the affidavit of Courty in which he identifies—again, for the first time—Oasis Plumbing:[5]

> In the context of pursuing business transactions with other businesses in the construction industry, [Appellants] made statements about [the Consultants] orally or in writing to one or more persons. The substance of the statements consisted of the above referenced claims made about [the Consultants] by [Appellants] in this lawsuit[] but were communicated outside of this lawsuit. By way of example only, oral statements of this nature were made to construction industry professional Oasis Plumbing, including, but not limited to, [the Consultants] were the reason the [p]roject failed, [the Consultants] abandoned the [p]roject while vacationing, and [the Consultants] were to blame for water intrusion, structural failures and plumbing difficulties.

Appellants argue that Courty's reference to Oasis Plumbing is a conclusory, after-the-fact assertion not supported by the Consultants' pleading and asserted only to bring their claims outside the scope of the TCPA's protections. The Consultants contend

---

[5]Notably, when the Consultants served their initial disclosures on Appellants— approximately thirteen months before Courty signed his affidavit—the Consultants did not identify Oasis Plumbing or any other third party in the construction industry as persons with knowledge of relevant facts.

Courty's affidavit "further elaborates" on their previous allegation that Appellants' statements had been made to third parties. We agree with Appellants.

Much like the Consultants' pleading, Courty's affidavit does not describe when or where the alleged statements were made, nor does it identify who made the statements on behalf of Appellants or the person from Oasis Plumbing to whom the statements were made. Courty also vaguely asserted that the third-party communications had occurred "[i]n the context of pursuing business transactions" but did not explain the "context" or nature of said business transactions or the parties involved. Further, the Consultants failed—in the trial court and on appeal—to explain how they knew or came to believe that Appellants had made the statements to Oasis Plumbing or to otherwise identify the facts upon which they base their conclusion that Appellants had made such statements. Without more than vague and conclusory allegations, Courty's affidavit is not competent evidence. *See Bishara v. Tex. Health Harris Methodist Hosp. Fort Worth Inc.*, No. 02-20-00316-CV, 2021 WL 3085748, at *6 (Tex. App.—Fort Worth July 22, 2021, no pet.) (mem. op.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion and is not considered competent evidence."); *Conclusory*, Black's Law Dictionary (11th ed. 2019).

#### c. Analysis

Based on the factual allegations underlying the Consultants' counterclaims and the conclusory "evidence" provided in response to Appellants' TCPA motion, we

11

conclude the counterclaims were based on, related to, or in response to Appellants' exercise of the right to petition.

Despite the Consultants' attempts to distinguish their counterclaims from the allegations made by Appellants in this lawsuit, the counterclaims do not rely on allegations of fact outside the context of this lawsuit and are not independent of Appellants' communications in this lawsuit. *See Creative Oil & Gas*, 591 S.W.3d at 137 (holding counterclaim premised on plaintiff commencing lawsuit was in response to plaintiff's exercise of the right to petition and was subject to TCPA dismissal); *Hersh*, 526 S.W.3d at 467 ("When it is clear from the [nonmovant's] pleadings that the action is covered by the [TCPA], the [movant] need show no more."); *Serafine v. Blunt*, 466 S.W.3d 352, 372–73 (Tex. App.—Austin 2015, no pet.) (op. on reh'g) (Pemberton, J., concurring) ("[T]he focus has been solely on the factual allegations underlying the challenged 'legal action' and whether they correspond to one of the [TCPA's] definitions of protected conduct[.]"); *cf. Jackson*, 2021 WL 5367846, at *2 (observing the facts alleged in defendant's counterclaim did not mention plaintiff's claims against it and holding counterclaim was *solely* concerned with communications occurring before, outside of, and unrelated to plaintiff's claims against defendant). To be sure, the Consultants even attached Appellants' original petition as an exhibit *in support of* their response to Appellants' TCPA motion, and both the response and Courty's affidavit recite the specific allegations contained therein.

Accordingly, we hold that the Consultants' defamation and business disparagement counterclaims were directed to Appellants' right to file a meritorious lawsuit for demonstrable injury and thus fall within the purpose of the TCPA's protection. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a).

**3. The Commercial Speech Exemption to the TCPA**

The Consultants argued in the trial court—and on appeal—that the TCPA does not apply to their claims because of the TCPA's commercial speech exemption. Appellants argue that the commercial speech exemption does not apply here, and we agree.

Section 27.010 provides that the TCPA does not apply to a claim against a person who is "primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services . . . , or a commercial transaction in which the intended audience is an actual or potential buyer or customer." *Id.* § 27.010(a)(2). Four conditions must be met for this exemption to apply:

> (1) the defendant was primarily engaged in the business of selling or leasing goods [or services], (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides.

*Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018). "[C]onstruing the TCPA liberally means construing its exemptions narrowly." *ADB Int., LLC v. Wallace*, 606 S.W.3d 413, 428 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (citing *State ex rel. Best v. Harper*, 562 S.W.3d 1, 14 (Tex. 2018)).

The Consultants had the burden to establish the commercial speech exemption's applicability. *See UATP Mgmt., LLC v. Leap of Faith Adventures, LLC*, No. 02-19-00122-CV, 2020 WL 6066197, at *4 (Tex. App.—Fort Worth Oct. 15, 2020, pet. denied) (mem. op.); *VetMoves v. Lone Star Veterinarian Mobile Surgical Specialists, PC*, No. 02-19-00340-CV, 2020 WL 1887770, at *3 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.). In their response to Appellants' TCPA motion, the Consultants argued that Appellants' statements "consisted of the substance of the claims made in this lawsuit repeated outside of the proceedings with the intended audience being . . . other persons and entities with which they do business or offer their services." The Consultants vaguely asserted that Appellants "are engaged in various activities in the construction industry related to development of properties and/or construction projects." They did not define "various activities" or otherwise explain Appellants' role in the construction industry.

The "sale or lease of goods or services" refers to "*the defendant's* sale or lease of goods or services." *Castleman*, 546 S.W.3d at 688. The commercial speech exemption therefore does not apply when the defendant "speaks of *other* goods or services in the marketplace." *Id.* at 689 (emphasis added). Thus, when the defendant speaks of goods or

14

services that *the defendant* does not sell or lease, the commercial speech exemption does not apply. *Id.*; *see ADB Int.*, 606 S.W.3d at 428–29 (citing *Dickens v. Jason C. Webster, P.C.*, No. 05-17-00423-CV, 2018 WL 6839568, at *5 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (mem. op.)). The "distinction between comments about goods and services available in the marketplace and those sold by the person making the statements is consistent with the [Texas] Supreme Court's instruction that the TCPA's exemptions must be construed narrowly." *ADB Int.*, 606 S.W.3d at 430 (citing *Harper*, 562 S.W.3d at 14).

The Consultants alleged that the complained-of statements were made to a "construction industry professional" and that the intended audience of the statements were "other businesses with whom [the Consultants] and Appellants both routinely pursue business opportunities in the construction industry." However, the conclusory assertions in Courty's affidavit, even accepted as true, do not show that the complained-of statements were made in the context of Appellants' sale of goods or services or that Oasis Plumbing was an "actual or potential buyer[] or customer[]." *See MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 195 (Tex. App.—El Paso 2017, no pet.) (quoting *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 354 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)); *see Toth v. Sears Home Improvement Prods., Inc.*, 557 S.W.3d 142, 154 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("[T]he mere fact that a person sells goods or services does not deny him the TCPA's protections when he speaks of 'other goods' in the

15

marketplace." (citing *Castleman*, 546 S.W.3d at 688)). And nothing in the record shows that the statements meet either requirement.

We conclude that, had Appellants actually made the complained-of statements to Oasis Plumbing, the statements would have "constituted protected speech warning [the Consultants'] customers about the quality of [the Consultants'] services, not pursuing business for [Appellants]." *Castleman*, 546 S.W.3d at 691; *see ADB Int.*, 606 S.W.3d at 429. Thus, the commercial speech exemption does not apply here, and Appellants have met their burden to establish the TCPA's application here.

Because we conclude that Appellants met their initial burden to show that the TCPA applies, we next consider whether the Consultants "established by clear and specific evidence a prima facie case for each essential element of the[ir] claim[s]" for defamation and business disparagement. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

## C. Prima Facie Case

To determine whether the nonmovant "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim," *id.*, courts typically look at the pleadings and affidavits. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). A plaintiff is generally not required to "set out in his pleadings the evidence upon which he relie[d] to establish his asserted cause of action." *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988); *see* Tex. R. Civ. P. 45, 47. "But the TCPA requires that on motion the plaintiff present 'clear and specific evidence' of 'each essential element.'" *Lipsky*, 460 S.W.3d at 590. Thus, under the

16

TCPA's "clear and specific evidence" standard, "mere notice pleading—that is, general allegations that merely recite the elements of a cause of action—will not suffice." *Id.* at 590–91. Instead, the nonmovant must "provide enough detail to show the factual basis for its claim" and must provide enough evidence "to support a rational inference that the allegation of fact is true." *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019) (quoting *Lipsky*, 460 S.W.3d at 590–91). Indeed, "pleadings that might suffice in a case that does not implicate the TCPA may not be sufficient to satisfy the TCPA's 'clear and specific evidence' requirement." *Lipsky*, 460 S.W.3d at 590.

In these contexts, "clear and specific" means "unambiguous, sure, or free from doubt" for the former and "explicit or relating to a particular named thing" for the latter. *Id.* (quotation marks omitted). The nonmovant "may rely on circumstantial evidence . . . unless 'the connection between the fact and the inference is too weak to be of help in deciding the case.'" *Dall. Morning News*, 579 S.W.3d at 377 (quoting *Lipsky*, 460 S.W.3d at 589). Conclusory statements and baseless opinions are not probative and do not meet the requirement of clear and specific evidence sufficient to establish a prima facie case. *Lipsky*, 460 S.W.3d at 592–93; *see Nichols v. Lightle*, 153 S.W.3d 563, 570–71 (Tex. App.—Amarillo 2004, pet. denied) (holding affidavit that does not provide specific factual bases for the affiant's conclusions does not constitute evidence).

A "prima facie case" refers to "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted," and the burden is met by "the 'minimum quantum of evidence necessary to support a rational inference that the

17

allegation of fact is true.'" *Lipsky*, 460 S.W.3d at 590 (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding)). "[A] TCPA nonmovant 'cannot rely on speculation to satisfy its burden of proof' of establishing a prima facie case for each element of its claim." *Mogged v. Lindamood*, No. 02-18-00126-CV, 2020 WL 7074390, at *9 (Tex. App.—Fort Worth Dec. 3, 2020, pet. denied) (en banc op. on reh'g).

### 1. The Challenged Claims

Appellants argue that the Consultants failed to meet their burden of establishing by clear and specific evidence a prima facie case for each element of both defamation and business disparagement. The Consultants respond that they met their burden with respect to both claims. Because the two claims are based on the same pleadings and evidence, we discuss them together.

### a. Defamation

There are four elements of defamation, which the Texas Supreme Court has described as the following:

> (1) the publication of a false statement of fact to a third party[;] (2) that was defamatory concerning the plaintiff[;] (3) with the requisite degree of fault, at least amounting to negligence[;] and (4) damages, in some cases. A defamatory statement is one that "tends . . . to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

*Innovative Blocks of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 417 (Tex. 2020) (citations omitted). Generally, in order for a party responding to a TCPA motion to

18

make a prima facie showing of each element of defamation, the party's pleadings and evidence must "establish[] the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff." *Lipsky*, 460 S.W.3d at 591.

Appellants contend the Consultants failed to provide clear and specific evidence of damages or that the statements were either made to third parties or were false or defamatory. The Consultants argue that Appellants' statements are objectively false and constitute defamation per se, which means damages are presumed.

### b. Business Disparagement

"To prevail on a business disparagement claim, a plaintiff must establish that (1) the defendant published false and disparaging information about [the plaintiff], (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Id.* at 592 (quoting *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003) (footnote omitted)).

Appellants contend the Consultants failed to present clear and specific evidence of special damages and of the publication of a false statement to a third party. The Consultants respond that, as shown by Courty's affidavit, Appellants published false and disparaging information about the Consultants by making statements about their work to others in the construction industry. The Consultants also argue that "malice" can be inferred—based on an unrelated arbitration between Appellants and the original contractor in which Courty was a witness—and that the Consultants suffered special damages as a result.

19

## 2. Analysis

Defamation and business disparagement are similar in that both "involve harm from the publication of false information" to third parties. *Lipsky*, 460 S.W.3d at 591 (citing *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 155 (Tex. 2014)); *Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987). But the two causes of action serve different interests. *Lipsky*, 460 S.W.3d at 591. "Defamation serves to protect one's interest in character and reputation, whereas disparagement protects economic interests . . . ." *Valley Builders Supply*, 603 S.W.3d at 417 (citing *Lipsky*, 460 S.W.3d at 591). Thus, the elements of business disparagement "are more stringent than those of defamation."[6] *Id.*

Here, regardless of whether the Consultants produced sufficient evidence of the other elements, an issue we need not address,[7] they did not meet the first element

---

[6]The supreme court provided the following examples:

> [I]n business disparagement the plaintiff must prove the defendant's statement false, whereas in defamation the defendant bears the burden of proving truth. In business disparagement, the plaintiff must always prove malice, whereas in defamation mere negligence is sufficient in some cases. Finally, in disparagement only special damages can be recovered for actual pecuniary loss, whereas in defamation per se the existence of an injury to reputation is presumed and no actual financial damage need be proved.

*Id.* at 417 n.3.

[7]*See Hersh*, 526 S.W.3d at 468 (addressing only one element of the relevant tort when nonmovant failed to produce sufficient evidence as to that element).

of either defamation or business disparagement—the publication of a false statement to a third party. Based on the pleadings and evidence, we conclude the Consultants failed to meet their burden under the TCPA. *See Lipsky*, 460 S.W.3d at 591.

### a. The Pleading

The Consultants' pleading is no more than mere notice pleading: the general allegations of Appellants' wrongdoing merely recite the elements of the challenged claims. And as discussed above, the Consultants' pleading does not describe when or where the alleged statements were published, and outside the context of this lawsuit, the Consultants failed to describe how the alleged statements were published or to whom they were published—only a general allegation that the statements were published "orally and/or in writing." Further, the Consultants failed to distinguish between the statements purportedly "published . . . to one or more other persons" and the allegations made by Appellants' in this lawsuit.[8] The pleading therefore does not "provide enough detail to show the factual basis" of the Consultants' claims for defamation or business disparagement, *see Dall. Morning News*, 579 S.W.3d at 377, and

---

[8]Contrary to the Consultants' argument on appeal that Courty's affidavit "further elaborates" on this distinction, the Consultants indisputably did not plead that Appellants "repeated" the complained-of statements outside of this lawsuit *to third parties in the construction industry, such as Oasis Plumbing*. Even under fair notice pleading—which is less restrictive than the "clear and specific evidence" standard— Appellants would not have been able to "ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant," i.e., relevant testimony from Oasis Plumbing or any other unidentified third parties in the construction industry with personal knowledge of the nature of and circumstances surrounding the alleged statements made by Appellants. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

is insufficient to satisfy the TCPA's "clear and specific evidence" requirement, *see Lipsky*, 460 S.W.3d at 590; *MVS Int'l*, 545 S.W.3d at 202–03.

### b. The Evidence

The Consultants did not provide any competent evidence in support of the challenged claims. While the trial court could consider the facts alleged in the Consultants' pleading, the Consultants were still required to produce evidence in support of those allegations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 223; *Sunchon Yu*, 633 S.W.3d at 729 ("Neither the pleadings themselves, nor the allegations within them, constitute evidence."); *In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 898 (Tex. App.—El Paso 2012, orig. proceeding) ("[A]llegations contained in pleadings are not evidence, even if sworn or verified . . . ."). Affidavits may be used as evidence to make the requisite prima facie showing, *Lipsky*, 460 S.W.3d at 590–91, but an affidavit that does not provide specific factual bases for the affiant's conclusions does not constitute evidence, *Nichols*, 153 S.W.3d at 570–71. Additionally, the affidavit must "be based on personal knowledge, not supposition." *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex. 2010) (op. on reh'g) (disregarding affiant's assertions not based on personal knowledge); *see Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (holding affidavit was legally insufficient when it failed to show how affiant could have had knowledge of the events she described); *MVS Int'l*, 545 S.W.3d at 202.

As discussed above, Courty's affidavit is not competent evidence. *See Bishara*, 2021 WL 3085748, at *6. In the affidavit, Courty stated in general terms that Appellants' statements were made, "[b]y way of example only," to construction industry professional Oasis Plumbing. This assertion is not supported by the pleadings, and the affidavit is devoid of any underlying facts supporting the proffered "example" or even illustrating the context of the alleged statements to Oasis Plumbing—or any other third party. *See id.*; *Nichols*, 153 S.W.3d at 570–71. For example, it does not identify who made the statements on behalf of Appellants, the person to whom the statements were made, when the statements were made, or where the statements were made. Additionally, the affidavit does not discuss how Courty knows the statements were made or otherwise explain how he had any personal knowledge of the statements. Nowhere in the record do the Consultants explain how they came to know of the alleged exchange between Appellants and Oasis Plumbing—or any other third party. Such bare and baseless opinions are conclusory and are not probative. *See Dall. Morning News*, 579 S.W.3d at 377 (permitting circumstantial evidence unless the connection between the fact and the inference is too weak); *Lipsky*, 460 S.W.3d at 592–93; *MVS Int'l*, 545 S.W.3d at 202–03. Further, the affidavit is neither "unambiguous" nor "free from doubt" because conveniently, the first time the Consultants revealed that the alleged statements had been "repeated" to third parties in the construction industry or Oasis Plumbing was in their attempt to avoid dismissal under the TCPA. *See Lipsky*, 460 S.W.3d at 590.

For these reasons, Courty's affidavit is insufficient to satisfy the TCPA's requirement of "clear and specific evidence." Without any evidence[9] beyond the Consultants' indistinguishable, conclusory allegations, we must conclude that the Consultants failed to provide "the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Lipsky*, 460 S.W.3d at 590 (quoting *E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 223).

Based on the pleadings and evidence, we hold the Consultants failed to establish by clear and specific evidence a prima facie case of either defamation or business disparagement. Because the Consultants have not met their burden, we do not reach the third step of the burden-shifting analysis. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d); *Miller*, 2021 WL 924843 at *7.

---

[9]The only other "evidence" provided by the Consultants in support of their response to Appellants' TCPA motion was Appellants' original petition. But as we have stated, pleadings are not evidence sufficient to satisfy the TCPA's requirements, and the Consultants failed to provide clear and specific evidence distinguishing their conclusory allegations of extrajudicial statements from the allegations made by Appellants in this lawsuit—particularly when the Consultants rely on Appellants' petition to assert that distinction.

## IV. Conclusion

We reverse the trial court's order denying Appellants' TCPA motion and render an order dismissing the Consultants' defamation and business disparagement claims. We remand to the trial court for a determination of attorney's fees and costs as to those claims.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: April 27, 2023